(No. 36541.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SETH D. GRIFFITH, Plaintiff in Error.

*Opinion filed November 30, 1961.*

SETH D. GRIFFITH, *pro se.*

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This case is here upon a writ of error to review a judgment of the circuit court of Johnson County entered upon the defendant's plea of guilty to the crime of forgery.

The defendant has set forth in his brief many alleged errors. Although it is difficult to understand some of his contentions, we shall endeavor to consider all of them. It is first contended that the State's Attorney did not follow the proper procedure in proceeding by information rather than by indictment. Defendant admits that an offense can be prosecuted by information with the consent of the defendant and he admits that he signed a written consent. His contention seems to be that the information was faulty because it was not filed in the office of the clerk and also that he was not properly advised of his right to be proceeded against by

indictment. The record shows that the information was filed in the office of the clerk and also shows that defendant was advised of his right to be prosecuted by indictment.

Defendant argues that the State should not have been permitted to proceed by information in the absence of a motion by the defendant requesting this procedure. The statute provides that an offense can be prosecuted by information if the defendant waives prosecution by indictment (Ill. Rev. Stat. 1959, chap. 38, par. 702). There is no requirement that a defendant make a motion to be prosecuted by information.

It also is contended that the information did not charge the offense of forgery. Our examination of the information satisfies us that there is no merit to this contention.

It is charged that the court erred in allowing the defendant to appear in court without being represented by counsel. The record shows that counsel was appointed for the defendant and represented him at the time of his plea of guilty.

Defendant makes a general allegation that the court should have permitted him to enter a plea of not guilty and should not have accepted his plea of guilty. The record shows that the consequences of the plea of guilty were fully explained to the defendant and that he persisted in his plea after this explanation.

Finally, the defendant contends that after he waived indictment and consented to be prosecuted by information the prosecution should have proceeded in accordance with the statutory requirements of proceeding under an indictment. Defendant's contention is correct, for the statute in question provides for such procedure. (Ill. Rev. Stat. 1959, chap. 38, par. 702). However, defendant has no basis for complaint, for the record shows that the proper procedure was followed.

The record before us shows that defendant was convicted upon a voluntary plea of guilty, that he expressly

consented to be prosecuted by information, that he was represented by counsel, and that his rights were fully explained to him at the time of his plea. The judgment of conviction is affirmed.

*Judgment affirmed.*